THOMAS v. CORBETT.   (No. 455.)

(Court of Civil Appeals of Texas.   Beaumont.
April 28, 1919.   Rehearing Denied
May 21, 1919.)

1. TRIAL ☞273 — ERROR IN CHARGE — WAIVER.

Error in charge is waived by appellant, when he fails to properly and timely object and except to the charge before it is given to the jury.

2. TRIAL ☞253(4) — INSTRUCTIONS—OMISSION OF ISSUES.

In action for injuries from being run over by defendant's automobile, a charge on plaintiff's contributory negligence held not affirmatively erroneous, as requiring finding of contributory negligence as a condition precedent to finding for defendant, and thus taking from the jury's consideration the defense that the accident was unavoidable, because plaintiff fell in front of the car, and that defendant could not anticipate plaintiff's crossing at an unusual place in the street and plaintiff's falling after he started to cross.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by W. C. Corbett, individually and as next friend and natural guardian for W. C. Corbett, Jr., against J. J. Thomas. From judgment for plaintiff, both individually and as next friend, defendant appeals. Affirmed.

L. M. Williamson and Guynes & Colgin, all of Houston, for appellant.
Atkinson & Atkinson, D. F. Rowe, and Guy Graham, all of Houston, for appellee.

HIGHTOWER, C. J. W. C. Corbett, Sr., the father of W. C. Corbett, Jr., a minor, filed this suit, for himself and as next friend and natural guardian for the minor son, against

appellant, seeking to recover damages in consequence of personal injuries alleged to have been negligently inflicted upon said minor by the appellant, the character, nature, and extent of which were all sufficiently set out in the plaintiff's petition. It was alleged, substantially, by plaintiff, that while he and his said minor son were crossing Franklin street in the city of Houston, at or near where the same is intersected by Travis street, appellant, who at the time was driving an automobile, negligently ran over and knocked said minor down, and seriously injured him. The plaintiff alleged several violations of city ordinances then prevailing, among others being: (a) In violating the city speed limit; (b) in driving on the wrong side of the street; and (c) in operating the automobile at a high and dangerous rate of speed, with an insufficient and defective brake on the car.

Appellant denied specifically all the acts of negligence charged against him, and further pleaded that said minor, while in the act of crossing Franklin street at approximately in the middle of the block, and not at a regular crossing, was guilty of negligence which proximately contributed to his injury, and that therefore appellant was not liable.

The case was tried with a jury, and was submitted upon a general charge, and resulted in a verdict in favor of the minor son for $1,500, and in favor of the father in the sum of $175, because of expenses incurred by the latter for medical treatment, hospital fees, etc., rendered necessary by reason of the son's injuries.

[1] The first assignment of error found in appellant's brief complains of an alleged error in the court's main charge. Upon examination of the record, we fail to find any objection whatever interposed to the court's charge, and if there was error, as now contended by appellant, it was waived by him when he failed to properly and timely object and except to the charge before it was given to the jury, and he cannot now raise the question in this court. The assignment is overruled.

Assignments Nos. 2 and 3 complain of the action of the court in refusing to submit two special instructions requested by appellant relative to the issue of contributory negligence. Both of these assignments have been carefully considered, and we conclude that the court was correct in refusing both of the special charges, as requested, and further we conclude that the court's charge on the issue of contributory negligence was as full and complete as was required by the pleadings and evidence in the case, and properly and sufficiently safeguarded the rights of appel-

lant, and obviated the necessity of any further instruction on that issue.

There is nothing in the fourth assignment, and it is overruled.

[2] By the fifth assignment, it is complained that the court committed affirmative error in its main charge to the jury relative to the issue of contributory negligence, the charge in that respect being as follows:

"You are further charged that if you believe from the evidence that the plaintiff, W. C. Corbett, Jr., ran or fell in front of the defendant's approaching car, and that at the time he did so run or fall in front of it, said car was so close to said plaintiff as not to admit of its being stopped in time to avoid striking the plaintiff, and you further believe that said plaintiff, in so running or falling in front of the car, as he did, if you find that he did, was guilty of contributory negligence as that term has been hereinbefore explained to you, and that such contributory negligence proximately caused or contributed to the injuries complained of, then you should find for the defendant."

The contention in this connection is that if the defendant was not guilty of negligence, and the accident was unavoidable, it was immaterial whether plaintiff was or not guilty of contributory negligence, as there was evidence tending to show that he fell in front of said car; and, secondly, because, if defendant was not guilty of negligence in not anticipating that plaintiff would attempt to cross at an unusual place in the street, and, after he had started, that he would fall in front of the car, it was immaterial that plaintiff was or not guilty of contributory negligence, and the court's so requiring as a condition precedent before the jury should find for defendant, was placing a more onerous burden on defendant than was justified by the law or the facts and circumstances in the case.

In the first place, we do not regard this charge as affirmatively erroneous; but, if it were so, it does not appear from any statement following this assignment, or elsewhere, that this charge was objected to at any time, or that the attention of the trial court was in any manner called to the claimed error, and therefore, as said with reference to the first assignment, it is too late to now insist upon the error, if any. The assignment is overruled.

This disposes of all assignments of error, and, believing that none of them are such as to require a reversal of the judgment, they will all be overruled, and the judgment of the trial court will be affirmed; and it is so ordered.